# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN WILLIAM LONG,

        Petitioner,  :  Case No. 1:23-cv-714

 - vs -      District Judge Matthew W. McFarland
        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                          :
        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION ON DISCOVERY ISSUES

      This habeas corpus case, filed *pro se* by Petitioner John William Long to obtain relief from his conviction for murder, is before the Court on Petitioner's Objections (ECF No. 40) to the Magistrate Judge's Decision and Order (ECF No. 37) denying Petitioner's Motions to Expand the Record (ECF No. 34) and Amended Request to Conduct Discovery (ECF No. 33).  After filing these two motions, Petitioner also filed a Motion for Evidentiary Hearing (ECF No. 38) which the undersigned has also denied (ECF No. 39).  This ruling has also evoked an objection from Petitioner (ECF No. 41).  Petitioner's theory supporting discovery and an evidentiary hearing are parallel and this Supplemental Memorandum is intended assist in resolving the issues raised.

      The undersigned has denied expansion of the record, an evidentiary hearing, and the discovery sought by Petitioner because they would of necessity produce "new" evidence – evidence not before the Ohio courts which decided Petitioner's case.  The undersigned found

1

admission of such evidence to be barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Petitioner disagrees and asserts

> Long argues that although *Pinholster* does limit the courts review of "new evidence" admitted during habeas proceedings, *Pinholster* does not impose a **complete bar** on a federal habeas court to allow the admittance of new evidence. *Pinholster* does impose a limited window in which new evidence can be admitted into habeas proceedings. The Court stated that "Section 2254(e)(2) continues to have force where 2254([d]1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254([d]1) which applies only to claims "adjudicated on the merits in State court proceedings." At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court. See, e.g., *Michael Williams*, 529 U.S. at 427-429. 120 S. Ct. 1479.146 L. Ed. 2d 435. The claim that Long is attempting to develop is an "actual innocence" claim that was presented to the state court, but never adjudicated on the merits. *State v. Long,* 2023 Ohio 132 at *P301. (Doc. 20-1:PAGEID#1760).

(Objections, ECF No. 40, PageID 3210; emphasis *sic*).

In the cited decision, the First District Court of Appeals affirmed the trial court's denial of Long's motion for a new trial. In the course of doing so, the court wrote regarding his actual innocence claim:

> {¶30} Long argues that he was entitled to an evidentiary hearing on his motion for a new trial based on his actual-innocence claim because he demonstrated substantive grounds for relief. "Crim.R. 33(A) does not mandate an evidentiary hearing on a motion for a new trial." *State v. Hill*, 1st Dist. Hamilton No. C-180114, 2019-Ohio-365, ¶ 69. But a common pleas court may exercise its discretion to hold a hearing. *Id.* at ¶ 70. Long contends that he proved that the blood found on the victim's pants was not his blood and this presents "clear and convincing evidence" in support of his

2

> actual innocence. As noted above, there is no evidentiary support for Long's conclusion that the state suppressed an exculpatory DNA test result, and even if he was excluded as a contributor, this result would not be exculpatory in this particular case, given the other evidence at trial establishing his guilt. Long has not demonstrated substantive grounds for relief, and the court did not abuse its discretion in failing to hold a hearing on Long's motion for a new trial.

*State v. Long, supra,* at ¶ 30. Thus the First District did decide Long's "actual innocence" claim on the merits and held he had not proved that claim. That decision of the First District must be evaluated under 28 U.S.C. § 2254(d)(1); the issue is whether that decision is or is not a reasonable application of Supreme Court precedent as of the date it was decided, January 18, 2023.

Having failed to persuade the Ohio courts of his actual innocence on the basis of the new evidence he had discovered at the time of the state court proceedings, he seeks to use federal court discovery process to search for more new evidence which he then would attempt to present to the Ohio courts, again in support of a claim of actual innocence. He confirms this intended use of the fruits of discovery in his Objections (ECF No. 40, PageID 3211).

A habeas petitioner or § 2255 movant is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir.

3

2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Petitioner's Amended Petition does not plead a claim for habeas relief on the basis of his asserted actual innocence of the crimes of which he was convicted. If Long now sought to amend his petition again to state such a claim, the Court would not allow it because a habeas petitioner is not entitled to habeas relief on the basis of actual innocence alone. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Proof of actual innocence in a habeas case is relevant only to excuse procedural default or some other procedural bar to decision on the merits. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Because discovery in a habeas case is available only in support of cognizable habeas claims, it is not available in support of a substantive federal stand-alone claim of actual innocence because no such claim is cognizable in habeas corpus. It follows that federal habeas discovery cannot be available to support a state claim of actual innocence, whatever its legal basis.

The expected process in habeas cases is that a petitioner will have developed relevant evidence in state court proceedings and the federal habeas court will decide the case on the basis of evidence already presented to the state courts. Petitioner's various attempts to use the federal discovery and record expansion process would turn that expected process on its head, using federal process to gather evidence to present to the state courts. Petitioner's attempts to proceed in that way have been appropriately overruled.

March 12, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge