# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN WILLIAM LONG,

                        Petitioner,

      - vs -

WARDEN, Pickaway Correctional
  Institution,

                        Respondent.

:

:

:

Case No. 1:23-cv-00714

District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case, filed *pro se* by Petitioner John William Long pursuant to 28 U.S.C. § 2254, to obtain relief from his conviction for murder in the Hamilton County Court of Common Pleas, is before the Court on the Petitioner's Objections (ECF No. 45) to the Magistrate Judge's Report and Recommendations on the merits (the "Report" ECF No. 43). District Judge McFarland has recommitted the case to the undersigned for reconsideration in light of the Objections (ECF No. 53).

**Litigation History**

The Report details the history of this litigation from Long's indictment on April 14, 2004, on one count of murder, through his filing of the instant Petition on October 9, 2023.[1] Long has

---

[1] The Petition was not docketed until November 1, 2023, but Long is entitled to a filing date of the day when he placed the Petition in the prison mailing system. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)).

1

not objected to that summary of the history, so it is not repeated here.  Because Long had previously

sought habeas relief from this conviction in Case No. 1:06-cv-787, the undersigned transferred the

case to the Sixth Circuit under 28 U.S.C. § 2244.  That court decided Long did not need its

permission to proceed and remanded (ECF No. 8).  The undersigned then ordered Respondent to

answer and the State raised the statute of limitations defense in its Return (ECF No. 21). Petitioner

responded in his Reply (ECF No. 25).

**Statute of Limitations**

The Report recommends dismissal of the Petition with prejudice as barred by the statute

of limitations, 28 U.S.C. § 2244(b)(Report, ECF No. 43, PageID 3233).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat.

1214)(the "AEDPA") adopted for the first time a statute of limitations for habeas corpus petitions

which is now codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner claims the statute should be calculated under the benefit of § 2244(d)(1)(D).  He

argued in his Reply:

Respondent has asserted incorrectly that Long's petition is time bared [sic] under the provisions of 28 USC 2244(d)(l)(D). When the appellate court reversed and remanded the trial court['']s denial of Long's Crim.R.33(B) motion for leave to file a new trial motion based on newly discovered evidence, the appellate court found that,

(1) "The record on appeal shows that, despite his diligent efforts thereafter to gain access to those records, Long did not receive his case file until May 2019 and (2) "the common pleas court's decision denying Long's motion for leave was not supported by the record. To the contrary, the record provides clear and convincing proof that Long had been "unavoidably prevented" from timely discovering and presenting in a new-trial motion the evidence upon which his new trial motion depended, and that under the circumstances, a 90-day delay in filing the motion after that evidence was discovered  as understandable and not unreasonable." (Emphasis added) *State v. Long,* 2021 Ohio 2835, (Doc.20:PAGEID#1387-96).

For the purposes of 2244(d)(l)(D) the appellate court determined May 14, 2019 as the date that the factual predicate of Long's claims were discovered, therefore the AEDPA clock begun to run on that date and stopped on the date Long's properly filed Crim.R.33(B) Motion for Leave to File a New Trial Motion which was August 9, 2019. (Doc.20:PAGEID#l407) This period totaled (86) days, but the court of appeals cited (90) days so for the sake of uniformity, Long's concedes the (90) days. See (Doc. 20- l:PAGEID#1401- l407) The clock was tolled until Long had exhausted his state court remedies, which was April 24, 2024, the date the Ohio Supreme Court declined to accept jurisdiction of Long's case. (Doc. 20-1 :PAGEID# 1812) The time from April 24, 2024 until November 1, 2024 is 191) days plus the (90) days the appellate court calculated (191 + 90 = 281), well within the 2244(d)(l)(D) statute of limitations, therefore Long's petition is timely.

3

(Reply, ECF No. 25, PageID 2915-16).

The Report concluded Long had conflated a question of state law (when he had discovered the evidence on which he relied in his delayed motion for a new trial) with a question of federal law (when he discovered the factual predicate of his claims made in this case). The undersigned wrote:

> The First District thus decided a question of Ohio law: had Long shown by clear and convincing evidence that he was unavoidably prevented from filing his motion for new trial within 120 days of verdict? The First District did **not** decide the federal law question presented by Long's reliance on § 2244(d)(1)(D): whether the factual predicate of the claim or claims presented could have been discovered sooner through the exercise of due diligence. Nor did the First District have occasion to decide the federal law question. The question before that court was not whether Long's filing satisfied the federal statute of limitations, but rather whether Long's filing of the newly discovered evidence on which he relied in seeking a new trial had been "unavoidably prevented." Since the Ohio Supreme Court did not interpret the Ohio Public Records Act so as to allow Long to discover the "newly discovered evidence" until it decided *Caster* in 2016, obviously it could not have been done within 120 days of the verdict which was handed down before sentencing in September, 2004.
>
> Respondent argues that, regardless of when he obtained the **evidence** relied on in his new trial motion, Long knew the **factual predicates** of his claims long before he obtained his case file in May, 2019 (Amended Return, ECF No. 28, PageID 3026-28). That is, in documents prepared and filed by Long well before he obtained his case file, he adverted to the existence of documents which would establish his claims – *Brady/Napue* violations and ineffective assistance of trial counsel -- even though he had not yet been able to obtain copies of those documents.

(Report, ECF No. 43, PageID 3231). Respondent had cited many instances from the record proving Long had known of the factual predicate of his claims years before he was able to obtain the evidence. On that basis, the Report the statute of limitations had run many years before Long filed here.

4

In his Objections, Long continues to insist that the statute began to run on May 14, 2019 when he obtained his "case file."  (Objections, ECF No. 45, PageID 3256).  Under his calculation, it was then tolled under 28 U.S.C. § 2244(d)(2) from the time he filed his Delayed Motion for New Trial until the Ohio Supreme Court declined to review denial of that motion on April 11, 2023. Under that calculation, his filing here on October 9, 2023, would be timely, as the Report concluded.

However, Long does not respond at all to the distinction between discovering evidence and discovering the factual predicate of his claims relied on in the Report or the Report's conclusion that he learned the "factual predicate" of his claims years before he could obtain the new evidence. He offers no authority at all for the proposition that discovery of the needed evidence is the same as discovering the factual predicate.

Having reconsidered the issue as required by the Recommittal Order, the Magistrate Judge adheres to his prior conclusion that the Petition is time barred.

**The Merits**

The Petition pleads two grounds for relief:  prosecutorial misconduct in failing to reveal exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and suborning perjury as prohibited by *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (Ground One) and ineffective assistance of trial counsel for failing to investigate and present certain witnesses (Ground Two).

The First District Court of Appeals considered these two claims on the merits on appeal from denial of the Delayed Motion for New Trial.  Applying correct Supreme Court precedent, that court found the claims to be without merit. *State v. Long,* 2023-Ohio-132 (Ohio App. 1st Dist.

5

Jan. 18, 2023). The Report concluded this decision was entitled to deference under 28 U.S.C. § 2254(d)(1) and (d)(2) because it was not an objectively unreasonable application of those precedents or determination of the crucial facts (ECF No. 43, PageID 3233-45). As the Report notes, the First District found "the only question at trial was the identity of the murderer and compelling physical evidence – the victim's blood on his shorts left at the scene and a bus ticket in his name in those shorts – places Long at the scene at the time of the murder" (Report, ECF No. 43 at PageID 3241), quoting *Long*, *supra*, ¶ 16.

Long spends the bulk of his Objections arguing the merits of his claims, devoting less than one page out of fifteen to the statute of limitations issue. To explore in depth the materiality of the documents not produced before May 2019 and the likely impact of unknown testimony by uncalled witnesses on the prejudice prong of *Strickland* will require a substantial investment of scarce judicial resources at a juncture when this Magistrate Judge believes it is unwarranted. Petitioner has not rebutted the statute of limitations defense. If the Court accepts the undersigned's recommendation on that issue, the case will have been decided without that investment.

Accordingly, the alternative merits recommendation in the Report is WITHDRAWN. If the District Judge rejects the limitations recommendation and recommits the case, the undersigned will, of course, invest the time needed for an in-depth analysis on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.


March 9, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #